**FORMULA, et al., Plaintiffs,**

v.

**Richard S. SCHWEIKER, et al., Defendants.**

**Civ. A. No. 82–3406.**

United States District Court, District of Columbia.

Sept. 5, 1984.

Katherine A. Meyer, Public Citizen Litigation Group, Washington, D.C., for plaintiffs.

Vicki G. Golden, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JACKSON, District Judge.

This case is before the Court on renewed cross-motions for summary judgment. In October, 1983, the Court denied the initial cross-motions, because it found the record insufficient to enable it to determine whether the FDA's final rule governing the manner of assuring that no nutrient-deficient infant formula reaches the market conformed to the statute in which it originated. *Formula v. Schweiker*, 572 F.Supp. 862 (D.D.C.1983).

Defendant then supplemented the record with the declaration of a compliance official of the FDA's Bureau of Foods, the agency component responsible for the rule's enforcement, who is officially deemed to know that which he is required to know to discharge his duties properly.[1] There is, he avers, a "wide variation" among approximately 10 manufacturers of infant formula products in the United States with respect to the size of their operations and the production techniques they employ. Thus, rather than imposing a uniform governmentally-ordained master manufacturing order on them all, the FDA has instead chosen to require each manufacturer to devise one of its own, to be compatible with its particular manufacturing process, in conjunction with a quality control system to assure that it is followed. Thus each manufacturer is to verify the incorporation of the 29 statutorily-required nutrients at some time before its product is packaged for distribution, and to test parts and the whole at intervals. FDA's function is, essentially, oversight of the industry's own overseers, under its general authority, under 21 U.S.C. § 374(a), to inspect any establishment where food is manufactured, processed, or packed. In addition to the sanitation, microbiological contamination, and labelling standards the FDA enforces with respect to foodstuffs generally, in the case of infant formula products it studies the manufacturer's own master manufacturing order, and the quality control apparatus intended to make sure it will be followed, and examines the records to show that, in fact, it has been. Civil and criminal sanctions of an ascending order of severity can be invoked against manufacturers whose own procedures are found wanting.

The statute does not, by its terms, preclude the FDA's removing itself from di-

---

1. Plaintiffs have been permitted to depose him, and on the basis of his testimony suggest that his actual knowledge of the infant formula industry is debatable.

rect, primary control of the manufacturing process and allowing infant formula manufacturers a measure of self-responsibility for obeying the law. Indeed, as the Court observed earlier, Congress conferred upon the FDA substantial discretion in determining how best to go about ensuring the presence of the critical nutrients. 572 F.Supp. at 864. It may be true that there are opportunities for evasion or inadvertent error to be found in the rule as presently drawn which a more stringent version might have foreclosed. But the record before the Court does not warrant the conclusion that the manufacturers are so malevolent as to exploit the former, or that the FDA technicians are so infallible as to be able to design a system which will guarantee against the latter, that the rule can be said to be arbitrary and capricious or contrary to law. Plaintiffs' suspicions aside, there is no evidence whatsoever upon which to question the FDA's good faith in promulgating the rule. And the Court is satisfied that, having now re-examined the rule in the light of questions raised about it by this litigation (although reaching its original conclusion that the rule remains the optimum means of achieving the legislative objective), the FDA has properly exercised the discretion entrusted to it.

ORDERED, that plaintiffs' motion for summary judgment is denied and defendants' motion for summary judgment is granted; and it is

FURTHER ORDERED, that the complaint is dismissed with prejudice.